IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARZEL BRICKHOUSE,**  *Petitioner*,  v.  **COMMONWEALTH OF PENNSYLVANIA, et al.,**  *Respondents*. | Case No. 2:20-cv-00313-JDW |

**MEMORANDUM**

Marzel Brickhouse objects to Magistrate Judge Marilyn Heffley's Report and Recommendation recommending that the Court deny Mr. Brickhouse's petition for a writ of habeas corpus. The Court will adopt Judge Heffley's R&R because, after review, the Court concludes that the R&R identifies the issues Mr. Brickhouse raised in his petition, cites the correct standard of review, and applies that standard to the facts. The Court addresses Mr. Brickhouse's objections below.

**I.    BACKGROUND**

On January 16, 2020, Mr. Brickhouse filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2016 state court conviction for robbery. Mr. Brickhouse filed an amended petition that asserts two claims: 1) insufficiency of the evidence; and 2) ineffective assistance of trial counsel and initial collateral review counsel. On May 25, 2021, Judge Heffley issued an R&R recommending that this Court deny Mr. Brickhouse's petition. The R&R sets forth the relevant facts, as determined by the state trial court. Although Mr. Brickhouse challenges those

facts, there is no basis for this Court to believe that they are erroneous. Therefore, the Court adopts the facts as set forth in the R&R and need not repeat them here.

On June 9, 2021, Mr. Brickhouse filed his objections to the R&R. A week later, he also filed a motion to amend his petition to include a *Lafler* claim alleging ineffective counsel at the plea-bargaining stage as well as a claim of ineffective appellate counsel for failing to raise the *Lafler* issue on appeal. The Court referred that motion back to Judge Heffley for a separate R&R. On August 31, 2021, Judge Heffley issued an R&R on the *Lafler* issue, recommending that the Court deny Mr. Brickhouse's motion to amend his petition to include *Lafler*-based claims because those claims are time-barred, procedurally defaulted, and without merit. Mr. Brickhouse did not file any objections to Judge Heffley's second R&R.

## II.     LEGAL STANDARD

The federal habeas statute, 28 U.S.C. § 2254, limits a district court's review to whether a state court's adjudication was the product of an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). A federal court must presume that a state court correctly resolved factual issues, but a petitioner can rebut that presumption with clear and convincing evidence. *See Werts v. Vaughn*, 228 F 3d 178, 196 (3d Cir. 2000).

## III.    DISCUSSION

### A.     Sufficiency Of Evidence

Federal courts cannot undertake a *de novo* review of the evidence presented at a state court trial. When reviewing the sufficiency of the evidence in a habeas claim, the standard is extremely deferential to the state court's conclusions. "[T]he relevant question is whether, after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Va.*, 443 U.S. 307, 318-19 (1979) (citation omitted).

Judge Heffley's R&R applies this standard and correctly concludes that the Montgomery County Court of Common Pleas had sufficient evidence to convict Mr. Brickhouse of robbery under Pa. Cons. Stat. § 3701(a)(1)(ii). Mr. Brickhouse challenges Judge Heffley's reliance on the trial court's finding that Mr. Brickhouse broke the victim's nose during the underlying assault, contending that there is no supporting medical records or expert testimony in the record. But the trial court did not need such evidence to reach its conclusion. It could just credit the victim's testimony. The Court will therefore overrule Mr. Brickhouse's sufficiency-of-the-evidence objection.

### B.     Ineffective Counsel

Mr. Brickhouse's ineffective-assistance-of-counsel claim is procedurally barred. "[A] federal habeas court may not grant a petition for a writ of habeas corpus . . . unless the petitioner has first exhausted the remedies available in the state courts." *Lambert v. United States*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). This requires the petitioner to present fairly his or her claim to the state courts. *See Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005). Fair presentation means that a petitioner pursues his or her claim "through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The Supreme Court provided an exception to the fair presentation requirement if a habeas petitioner can show that his or her post-conviction relief counsel was ineffective in failing to raise that claim properly in the post-conviction relief proceeding. *See Martinez v. Ryan*, 566 U.S. 1, at

13-14 (2012). To pursue this exception, however, a petitioner must show that his or her underlying ineffective counsel claim "is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. at 14 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

Mr. Brickhouse failed to appeal the PCRA court's dismissal of his PCRA petition. Therefore, he did not fairly present his ineffective assistance claim to the state courts. This bars his ineffective counsel claim. And, as Judge Heffley concludes in the R&R, Mr. Brickhouse cannot invoke the exception in *Martinez* because his ineffective counsel claim has no merit. His claims of ineffective counsel flow from his argument that the trial court did not have sufficient evidence to convict him of robbery. Because that contention is meritless, counsel's failure to challenge the robbery conviction would not have changed the outcome of the case. The Court will overrule Mr. Brickhouse's objection as to his ineffective-assistance-of-counsel claim.

    **C.**    ***Lafler* Claim**

Aside from the claims set forth above, Mr. Brickhouse seeks leave to assert a *Lafler* claim in his petition, alleging that he received ineffective counsel at the plea-bargaining stage of his criminal case. Mr. Brickhouse also contends that his appellate counsel was ineffective for failing to raise the plea bargain issue on appeal. Judge Heffley issued a thorough and thoughtful R&R as to whether the Court should permit Mr. Brickhouse to amend his habeas petition to include these claims. Ultimately, Judge Heffley determined that Mr. Brickhouse should not be permitted to amend his petition because his *Lafler*-based claims are time-barred, procedurally defaulted, and without merit. Mr. Brickhouse did not file any objections to Judge Heffley's R&R on this issue. Thus, the Court will deny his motion for leave to amend his petition to assert this new claim.

## IV. CONCLUSION

Mr. Brickhouse disagrees with his conviction, but he has not shown that the Pennsylvania courts unreasonably applied federal law or made unreasonable factual determinations in considering any of his claims. He also offers no valid basis for the Court to consider his proposed *Lafler* claim. Thus, the Court will adopt both of Judge Heffley's R&Rs and overrule Mr. Brickhouse's objections. It will also deny his motion to amend his petition to assert an additional claim. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 21, 2021